**CHUN HONG WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–4876–AG.**

United States Court of Appeals, Second Circuit.

April 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Bing Li, Bayside, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Catherine A. Walter, Assistant United States Attorney, Topeka, Kansas, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of April, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Chun Hong Wang, through counsel, petitions for review of the BIA's decision affirming the decision of an immigration judge (Weisel, *IJ*) denying her application for asylum and for withholding of removal under the Immigration and Nationality Act. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

Here, substantial evidence does not support the IJ's finding that Wang was not credible. The IJ's decision rested, in part, on flawed grounds, and remand is required because it cannot be "confidently predicted" that the same decision would have been reached in the absence of error. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

The IJ discounted Wang's testimony in part because Wang provided no explanation as to how the government learned that she was involved in the democratic movement of 1989. The IJ reasoned that Wang would not have been publicly identified as a democratic activist because for the most part, she only drafted, rather than distributed, leaflets. But this finding is inconsistent with Wang's testimony, which the IJ did not question, that she distributed leaflets on more than ten occasions. *See Zhou Yun Zhang,* 386 F.3d at 74 (noting that credibility findings may not be based upon a misstatement of facts in the record).

Wang further testified that she circulated pro-democracy literature to a circle of like-minded persons who would also meet in secret at Wang's bookstore to share ideas. The IJ found this secrecy inconsis-

tent with Wang's asylum application, which described "monthly cultural salons," to which leading underground activists were sometimes invited, and a growing readership of the political literature. But Wang's application made clear that the literature was "dispatched ... to readers secretly," and the application nowhere claimed that the meetings at the bookstore were public. This purported "inconsistency," then, is no inconsistency at all, and hence, no basis for an adverse credibility finding. *Cf. Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 164–65 (2d Cir.2006) (Oakes, *J.,* concurring in part and dissenting in part).

The IJ also found Wang's testimony inconsistent with her application about whether she organized a demonstration against prison officials. Although she did not use the phrase "organized a demonstration" in her testimony, her testimony regarding her actions on behalf of prisoners was consistent with her application.

In addition, the IJ also found it implausible that none of Wang's family members had also been arrested in China. But there is no evidence in the record that the police knew of these relatives' (more peripheral) involvement in pro-democracy activities. An adverse credibility finding may not rest on speculation or conjecture. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, almost all of the IJ's reasons for the adverse credibility finding were erroneous. The only factor that potentially supports the finding was the IJ's finding that Wang's testimony regarding her escape from the hospital was implausible. But this factor, although potentially correct, did not go to the heart of Wang's claim—whether she suffered past persecution or had a well-founded fear of persecution on account of her political beliefs in China. Accordingly, this factor alone is not sufficient for this Court to predict

confidently that the agency would reach the same conclusion regarding credibility on remand. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin,* 428 F.3d at 395.

Having raised doubts about Wang's credibility, the IJ stated that Wang's claim failed because she did not submit corroborating evidence to overcome the credibility problems. The IJ was correct that applicants who are not credible can be required to supplement their claims with supportive, documentary evidence in order to meet their burden of proof. *See Xiao Ji Chen,* 434 F.3d at 164. However, because the IJ's adverse credibility determination is severely flawed, it is unclear whether such corroboration would be required from Wang in the absence of errors.

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).